Donna M. BRIGGS, Plaintiff–Appellant,

v.

CITY OF NORFOLK, a municipal corporation, organized under the laws of the Commonwealth of Virginia; Paul D. Fraim, individually, and officially in his capacity as Mayor of Norfolk; Kamala Hallgren Lannetti, individually, and officially as the former Assistant Attorney for the City of Norfolk; Harold P. Juren, individually, and officially as the Assistant City Attorney for the City of Norfolk; Melvin High, individually, and officially as the Chief of Police for the City of Norfolk; James Brownlie, individually, and officially as a lieutenant on the Norfolk Police Force; Alan Bostjancic, individually, and officially as a Police Officer for the City of Norfolk; Mark Railling, individually, and officially as a Police Officer of the City of Norfolk; R.K. Abbott, in his individual capacity; Thomas Baldwin, in his individual capacity; Two Unnamed Police Officers of the Norfolk Police Department, in their individual capacities; James B. Oliver, Jr., individually, and as the City Manager of the City of Norfolk; Jayward Hanna, individually, and officially as a lieutenant on the Norfolk Police Force; Thomas Springer, individually, and officially as a Police Officer for the City of Norfolk; James Prentice, individually, and officially as a Police Officer for the City of Norfolk, Defendants–Appellees,

and

Leonard Merritt, individually,
Defendant,

Federal Bureau of Investigation,
Party in Interest,

Wachovia Bank, Garnishee,

The City of Virginia Beach; Everett A.
Martin, Jr., Judge of the Circuit Court
for the City of Norfolk; Patrick
Norsk; Betty Black; Charles Cloud,
Honorable; Mason C. Andrews; Deb-
bie Miller; Eugene Reagan; Marvin
D. Miller; Clients And Prospective
Clients of the Law Offices of Marvin
D. Miller; Law Offices of Marvin D.
Miller; Louis N. Joynes, II; Joynes &
Gaidies Law Group, PC; Dale Gaud-
ing; Derek Young, Movants.

Nos. 03–2039, 03–2265.

United States Court of Appeals,
Fourth Circuit.

Submitted March 1, 2004.

Decided March 19, 2004.

Donna M. Briggs, Appellant Pro Se.
Alan Brody Rashkind, Krista Ann Griffith,
James Arthur Cales, III, Furniss, Davis,
Rashkind & Saunders, Norfolk, Virginia;
Catherine Crooks Hill, Office of the Attor-
ney General of Virginia, Richmond, Virgi-
nia, for Appellees.

Before MOTZ, KING, and GREGORY,
Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

## OPINION

PER CURIAM.

In these consolidated appeals, Donna M.
Briggs appeals from the orders of the
district court finding her in civil contempt
of a protective discovery order and impos-
ing both monetary sanctions and coercive
incarceration to compel her compliance
with that order. Finding no error, we
affirm.*

The Federal Rules of Civil Procedure
confer on a district court the explicit au-
thority to seal discovery materials. See
Fed.R.Civ.P. 26(c). Such action will only
be reversed for an abuse of discretion.
Keyes v. Lenoir Rhyne College, 552 F.2d
579, 581 (4th Cir.1977). It is undisputed
that the discovery materials in question
contained confidential employment and
medical records of Defendants' employees.
Under these circumstances, we cannot con-
clude that the district court abused its
discretion in sealing the discovery materi-
als and requiring the return of the materi-
als to Defendants at the close of litigation.

We likewise conclude that Briggs' refus-
al to return the materials to Defendants
amounted to an ongoing contempt of the
district court's protective order and that
the court was within its discretion to im-
pose monetary sanctions. See In re Howe,
800 F.2d 1251, 1252 (4th Cir.1986). To the
degree that Briggs claims error with re-
gard to the district court's use of coercive

---

* Although these appeals were interlocutory in
nature when filed, the district court's action
purging Briggs of her contempt and removing
the case from its active docket, see Briggs v.
Norfolk, No. 98–288 (E.D.Va. Dec. 19, 2003),
renders the matters ripe for review. See

Equipment Fin. Group, Inc. v. Traverse Com-
puter Brokers, 973 F.2d 345 (4th Cir.1992)
(holding that once district court enters final
judgment, a previously filed and premature
notice of appeal confers jurisdiction on court
of appeals).

incarceration, her release from incarceration renders such a claim moot. *See Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir.1986) (noting that case becomes moot "when the issues presented are no longer live or the parties lack a cognizable interest in the outcome"); *see generally Fawcett v. McRoberts,* 326 F.3d 491, 494 (4th Cir.2003); *Broughton v. North Carolina,* 717 F.2d 147, 148–49 (4th Cir.1983).

Finally, we conclude that the district court's order imposing a pre-filing injunction is supported by the record. Briggs' contumacious behavior and vexatious manner of litigation left the court with no other means to control its docket. Accordingly, we find no error. *See Graham v. Riddle,* 554 F.2d 133, 134–35 (4th Cir.1977).

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*